# EXHIBIT A

# **PROPOSED INTERIM ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| WHITE ENERGY, INC., *et al.*,[1] | Case No. 09-11601 (\_\_) |
| | [Joint Administration Pending] |
| Debtors. | Related to Docket No. _____ |

**INTERIM ORDER (A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION TO THE DEBTORS' PREPETITION SECURED PARTIES AND (C) SCHEDULING A FINAL HEARING**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order (a) authorizing the Debtors to use Cash Collateral, (b) granting adequate protection to the Debtors' prepetition secured parties, (c) scheduling a final hearing on the Motion pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and (d) granting related relief; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and upon consideration of the First Day Affidavit; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, **THE COURT HEREBY FINDS THAT:**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: White Energy, Inc. (1083); White Energy Holding Company, LLC (3034); US Energy Partners, L.L.C. (1177); WE Hereford, LLC (9408); and Plainview BioEnergy, LLC (5553). The corporate headquarters for each of the debtors is 5005 LBJ Freeway, Suite 1400, Dallas, TX 75244.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

1

1. Upon the entry of this Interim Order, the Prepetition Lenders' interests in the Prepetition Collateral will be adequately protected. Such finding is made without prejudice to the right of any of the Lenders to later assert that their interest in the Prepetition Collateral lacks adequate protection.

2. In order to prevent immediate and irreparable harm to the estates pending the Final Hearing, the Debtors require the use of Cash Collateral to pay the expenses set forth in the Budget.

3. The terms and conditions of this Interim Order are a fair and reasonable response to the Debtors' request for use of Cash Collateral and the entry of this Interim Order is in the best interests of the Debtors' estates and creditors.

**WHEREFORE, IT IS HEREBY:**

1. ORDERED that the Motion is granted on an interim basis; and it is further

2. ORDERED that the Debtors are authorized to use Cash Collateral: (a) solely in accordance with and pursuant to the terms and provisions of this Interim Order; and (b) only to the extent required to pay those expenses enumerated in the Budget as and when such expenses become due and payable; and it is further

3. ORDERED that, for purposes hereof, "enumerated in the Budget" shall mean, unless otherwise authorized by this Court or agreed upon by the Prepetition Agent, compliance with the Budget in all respects, including without limitation, the weekly expenditures set forth in each line item thereof; provided that the Debtors shall be permitted to (i) carry over any amounts not expended for a particular line item in any week to succeeding weeks, (ii) expend up to 15% more than the amounts set forth in a particular line item for a specific week in such week so long as the aggregate expenditures during the period covered by this Order do not exceed the total shown on the Budget for such interim period by more than 15% and (iii) pay amounts incurred

from and after the Petition Date, in addition to or for categories not listed in the Budget with the prior written consent of the Prepetition Agent; and provided further that nothing in this Order shall authorize the sale or other disposition of any asset of the Debtors or their estates outside the ordinary course of business or any disbursement of the proceeds resulting therefrom except as expressly permitted hereunder and in accordance with the Budget; and it is further

4. ORDERED that the Debtors are authorized to use Cash Collateral in accordance with the Budget and this Order until a Final Order regarding Cash Collateral has been entered by this Court; and it is further

5. ORDERED that, unless extended or terminated earlier by the Court, this Interim Order and the Debtors' authorization to use Cash Collateral pursuant to this Interim Order will immediately terminate on _____, 2009; and it is further

6. ORDERED that the Prepetition Liens on the Prepetition Collateral shall remain in place; and it is further

7. ORDERED that, as adequate protection for, and to the extent of, any diminution in the value of the Prepetition Lenders' interests in the Prepetition Collateral resulting from the use of the Cash Collateral, but only to the extent that the Prepetition Lenders' interests in the Prepetition Collateral constitutes valid and perfected liens and security interests as of the Petition Date, the Prepetition Agent, for the benefit of itself and the other Prepetition Lenders, shall receive the following adequate protection:

    a. <u>Adequate Protection Liens</u>. The Prepetition Agent, for the benefit of itself and the other Prepetition Lenders, is hereby granted additional and replacement security interests in and liens, subject to existing liens, if any, (the "**Adequate Protection Liens**") on any and all presently owned and hereafter acquired personal property, real property and all other assets of

the Debtors, together with any proceeds thereof (collectively, the "**Collateral**"); provided, however, that the Collateral shall not include any avoidance action under Chapter 5 of the Bankruptcy Code or the proceeds thereof.

b.  <u>Superpriority Claim</u>. If and to the extent the Adequate Protection Liens are insufficient to provide adequate protection against the diminution in the value of the Prepetition Lenders' interests in the Prepetition Collateral, then the Prepetition Agent, for the benefit of itself and the other Prepetition Lenders, is hereby granted, to the extent of the net insufficiency, a superpriority claims under section 507(b) of the Bankruptcy Code (the "**Superpriority Claim**"), and the Superpriority Claim shall have priority in payment over any and all administrative expense claims of any kind under the Bankruptcy Code; and it is further

8.  ORDERED that the Debtors shall also continue to provide the Prepetition Agent with the financial reports required to be provided under, respectively, the Credit Agreement on the dates when due thereunder and provide or make available to such parties copies of all reports filed with the U.S. Trustee; and it is further

9.  ORDERED that the Prepetition Agent its professional advisors shall be given reasonable access during normal business hours to the Debtors' books and records, and the Debtors shall respond to reasonable inquiries from the Prepetition Agent and its professional advisors related to the Debtors' books and records and operations; and it is further

10. ORDERED that, except as modified herein and subject to the other provisions of this Interim Order and the Bankruptcy Code, the Credit Agreement and related documents (together the "**Prepetition Documents**"), and the terms and provisions thereof, shall remain in full force and effect. To the extent there exists any conflict between the Motion, the Prepetition

Documents and the terms of this Interim Order, this Interim Order shall govern and control; and it is further

11. ORDERED that the automatic stay under Bankruptcy Code Section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to: (a) permit the Debtors to grant the Adequate Protection Liens and Superpriority Claim; (b) permit the Debtors to perform such acts as the Prepetition Agent may request in its sole discretion to assure the perfection and priority of the liens granted herein; and (c) permit the Debtors to incur all liabilities and obligations to the Prepetition Agent and the other Prepetition Lernders under the this Interim Order; and it is further

12. ORDERED that this Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the Adequate Protection Liens, or to entitled the Prepetition Agent and other Prepetition Lenders to the priorities granted herein. Notwithstanding the foregoing, the Prepetition Agent is authorized to file, as it deems necessary in its sole discretion, such financing statements, mortgages, notices of liens and other similar documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the applicable Adequate Protection Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the Petition Date: provided, however, that no such filing or recordation shall be necessary or required in order to create or perfect the Adequate Protection Liens. The Debtors are authorized and directed to

execute and deliver promptly upon demand to the Prepetition Agent all such financing statements, mortgages, notices and other documents as the Prepetition Agent may reasonably request. The Prepetition Agent, in its sole discretion, may file a photocopy of this Interim Order as a financing statement with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, notices of lien or similar instrument.

13. ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

14. ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

15. ORDERED that the Final Hearing is scheduled for _____, 2009 and may be continued from time to time without further notice other than that given in open court; and it is further

16. ORDERED that Debtors are directed to immediately serve a copy of this Interim Order by first class mail, postage prepaid, on counsel for the Prepetition Agent, the Debtors' 20 largest unsecured creditors, and the United States Trustee, which service shall constitute adequate and proper notice of the Final Hearing. Any objection to the Interim Order must be filed with the Court and received by the Debtors on or before _____ at 4:00 p.m. (ET). Any timely and properly filed and served objection will be heard at the Final Hearing; and it is further

17. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May ___, 2009
       Wilmington, Delaware

                                                                                                       United States Bankruptcy Judge