IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WHITE ENERGY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11601 (CSS)<br><br>Jointly Administered<br><br>Related to Docket No. 156 |

**INTERIM ORDER APPROVING THE RETENTION OF JEFFERIES & COMPANY, INC. AS FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND 1107 AND BANKRUPTCY RULE 2014(a) AND REQUEST FOR WAIVER OF CERTAIN REQUIREMENTS UNDER DEL. BANKR. L.R. 2016-2(d) AND 2016-2(g)**

Upon consideration of the application (the "**Application**")[2] of the above captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order authorizing the Debtors to employ and retain Jefferies & Company, Inc. ("**Jefferies**") as financial advisor for the Debtors, *nunc pro tunc* to June 15, 2009, pursuant to sections 328(a) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and granting a waiver of compliance with the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) in accordance with Local Rule 2016-2(g); and upon the Affidavit of Tom Carlson (the "**Carlson Affidavit**"), a copy of which is attached to the Application as Exhibit A; and upon the Engagement Letter dated as of June 15, 2009 between Jefferies and the Debtors (including Schedule A and any other

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: White Energy, Inc. (1083); White Energy Holding Company, LLC (3034); US Energy Partners, L.L.C. (1177); WE Hereford, LLC (9408); and Plainview BioEnergy, LLC (5553). The corporate headquarters for each of the Debtors is 5005 LBJ Freeway, Suite 1400, Dallas, TX 75244.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

attachments thereto, the "**Engagement Letter**"), a copy of which is attached to the Application as Exhibit B; and the Court being satisfied based on the representations made in the Application and the Carlson Affidavit that Jefferies is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Application and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

1. ORDERED that the Application is granted on an interim basis *nunc pro tunc* to June 15, 2009, and through August 17, 2009 (the "**Interim Retention Period**"), as set forth below; and it is further

2. ORDERED that, in accordance with sections 328(a) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors are authorized to employ and retain Jefferies as their financial advisor on the terms set forth in the Engagement Letter and the Carlson Affidavit, *nunc pro tunc* to June 15, 2009; provided, however, that during the Interim Retention Period, Jefferies shall only be paid pursuant to paragraph 3 hereof for services provided (and expenses incurred) and the Indemnification Provisions shall only apply as set forth in paragraph 4 hereof; and it is further

3. ORDERED that the Debtors shall pay Jefferies for services provided (and expenses incurred) during the Interim Retention Period (a) Monthly Fees in the total aggregate amount of $350,000.00, and (b) reasonable out-of-pocket expenses, including, but not limited to, reasonable

fees and expenses of Jefferies' counsel, according to the terms of the Engagement Letter and pursuant to the standards of review provided in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under section 330 of the Bankruptcy Code; and it is further

4. ORDERED, that the Indemnification Provisions, as modified by the Application and by this order, are approved for and shall apply during the Interim Retention Period and such approval and applicability with respect to the Interim Retention Period shall survive this order; and it is further

5. ORDERED, that the Indemnification Provisions are modified to provide that in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Indemnification Provisions if the Debtors or the estates assert a claim for, and this Court or another court of competent jurisdiction determines by final order that such claim was caused by or arose from Jefferies' breach of the terms of the Engagement Letter, as modified by any order of this Court; and it is further

6. ORDERED, that the Indemnification Provisions are modified to strike any limitation or "cap" on the obligations of Indemnified Persons to contribute to Losses (as defined in the Engagement Letter) under the Indemnification Provisions; and it is further

7. ORDERED, that any expenses claimed by or paid to Jefferies under paragraph 3 of this order shall be reasonable out-of-pocket expenses only; and it is further

8. ORDERED that, except to the extent that this order approves the Application and the Engagement Letter, including the payment of the Monthly Fees and expenses (as set forth in paragraph 3) and the approval, applicability and survival of the Indemnification Provisions (as set forth in paragraph 4), with respect to the Interim Retention Period, nothing in this order or any other order shall waive, and the Debtors, Jefferies, WestLB AG, New York Branch ("**WestLB**"),

and the Official Committee of Unsecured Creditors (the "**Committee**") expressly reserve, all of their rights to support or to challenge approval of the Application on a final or further interim basis, including all aspects of the Application, the Engagement Letter and the proposed Fee Structure. For the avoidance of doubt, nothing in this order approves or disapproves the Transaction Fee and/or Financing Fee; and it is further

9. ORDERED that if Jefferies, WestLB AG, and the Committee cannot reach an agreement on the terms of the Fee Structure or the Court does not enter a further interim or final order approving the Application and Jefferies Engagement Letter on terms satisfactory to Jefferies, Jefferies shall have the right, in its sole discretion, to withdraw as financial advisor to the Debtors. WestLB and the Committee agree that, if Jefferies withdraws as financial advisor to the Debtors, they shall not object, and shall be deemed to have waived any objection (i) on any grounds, to approval and/or payment of the Monthly Fees and expenses set forth in paragraph 3 of this order, and (ii) to claims for indemnification that contest the validity of the approval, applicability or survival of the Indemnification Provisions under paragraph 4 of this order; and it is further

10. ORDERED that, except as otherwise provided herein, the terms and provisions of the Engagement Letter are approved by this Court, including the Indemnity Provisions as modified by the Application and herein; and it is further

11. ORDERED, that as set forth in the Application, Jefferies is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d); and it is further

12. ORDERED that Jefferies shall be compensated in accordance with the Administrative Order, any other applicable order of this Court, and applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and it is further

13. ORDERED, that a hearing on final approval of the Application shall be held on August 17, 2009; and it is further

14. ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

Dated: July 20, 2009
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

3026256