# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**WHITE ENERGY, INC., et al.,**<br><br>                    Debtors. | Chapter 11<br><br>Case No. 09-11601 (CSS)<br><br>Jointly Administered<br><br>Hearing Date: January 14, 2010 at 11:00 a.m.<br><br>Re: Docket No. 434 |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF THE DEBTORS AND THE PREPETITION AGENT FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE CHAPTER 11 PLAN OF REORGANIZATION FOR WHITE ENERGY, INC. AND ITS AFFILIATED DEBTORS FILED BY THE DEBTORS AND WESTLB AG, NEW YORK BRANCH, AS ADMINISTRATIVE AGENT; (II) APPROVING FORM OF BALLOT AND PROPOSED SOLICITATION, VOTING AND TABULATION PROCEDURES FOR THE PLAN AND PLAN CONFIRMATION PROCESS; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE AND DISTRIBUTION THEREOF; AND (IV) <u>SCHEDULING A HEARING ON PLAN CONFIRMATION</u>**

        The Official Committee of Unsecured Creditors (the "Committee"), appointed in the Chapter 11 cases of the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), through its undersigned counsel, submits this limited objection (the "Limited Objection") to the Motion of the Debtors and the Prepetition Agent for Entry of an Order (i) Approving the Disclosure Statement Relating to the Chapter 11 Plan of Reorganization for White Energy, Inc. and its Affiliated Debtors Filed by the Debtors and WestLB AG, New York Branch, as Administrative Agent; (ii) Approving Form of Ballot and Proposed Solicitation, Voting and Tabulation Procedures for the Plan and Plan Confirmation Process; (iii) Approving the Solicitation Packages and Prescribing the Form and Manner of Notice and Distribution thereof;

and (iv) Scheduling a Hearing on Plan Confirmation [Docket No. 434] (the "Motion").[1] In support of this Limited Objection, the Committee respectfully states as follows:

## BACKGROUND

1. On May 7, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

2. No trustee has been appointed in the Debtors' bankruptcy cases. The Court appointed a fee examiner by Order dated December 23, 2009 [Docket No. 448].

3. On May 27, 2009, the United States Trustee appointed the Committee pursuant to § 1102 of the Bankruptcy Code.

4. On December 15, 2009, the Proponents filed the Chapter 11 Plan of Reorganization the Chapter 11 Plan of Reorganization for White Energy, Inc. and Its Affiliated Debtors (the "Plan") [Docket No. 425].

5. Also on December 15, 2009, the Proponents filed the Disclosure Statement Relating to the Chapter 11 Plan of Reorganization for White Energy, Inc. and Its Affiliated Debtors (the "Disclosure Statement") [Docket No. 426].

6. On December 16, 2009, the Proponents filed the Motion. By the Motion, the Debtors seek the Court's approval of certain procedures relating to the solicitation, voting and tabulation of votes with respect to the Plan (collectively, the "Proposed Procedures").

## LIMITED OBJECTION

7. The Committee does not object to the establishment of reasonable procedures relating to the solicitation, voting and tabulation of votes with respect to the Plan. The majority of the Committee's concerns with the Proposed Procedures have already been consensually

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

resolved with the Debtors and lenders and a revised form of order has been circulated among counsel. However, the Committee has concerns with three elements of the Proposed Procedures that it was unable to resolve and submits that the procedures must be modified as discussed below.

**<u>Establishment of Voting Deadline</u>**

8. The Motion seeks to establish February 13, 2010 at 4:00 p.m. (prevailing Eastern time) as the voting deadline (the "Voting Deadline") by which holders of Claims in Voting Classes must vote to accept or reject the Plan. Motion at ¶ 26. The proposed Voting Deadline does not allow adequate time for creditors to review the Plan, Disclosure Statement and related materials and reach an informed conclusion about how to cast their ballot.

9. Pursuant to the Motion, the Proponents seek to establish March 4, 2010 as the date of the confirmation hearing on the Plan, while the hearing on the Motion itself is scheduled for January 14, 2010. The Proponents propose that subsequent to the January 14, 2010 hearing on the Motion, but no later than four (4) business days after the entry of an order approving of the Proposed Procedures, the Solicitation Packages will be mailed to creditors and other parties-in-interest. Motion at ¶ 37. Given this time table, the earliest date the Court could approve the Voting Deadline is January 14, 2010. This leaves a period of less than twenty (20) days for creditors to review the Solicitation Package, evaluate the Plan and cast their ballot. The Committee proposed a voting deadline of February 25, 2010, and, in the spirit of compromise, an alternate deadline of February 18, 2010, both of which dates were rejected by the Proponents. Given the gravity of a creditor's interest in voting for or against the Plan, and the possibility of competing plans in these cases, additional time is required, especially where, as is the case here, pushing out the Voting Deadline to February 18, 2010 will not have a deleterious affect on either the Proponents or the solicitation of the Plan. Thus, the Voting Deadline should be fixed for February 18, 2010.

**Establishment of Disputed Claim Procedures**

10. The Committee submits that the Disputed Claim Procedures outlined in the Motion are inequitable and unduly prejudice those creditors to whom they apply. The Proponents seek to establish January 25, 2010 (the "Disputed Claim Deadline") as the deadline by which creditors whose claims have already been objected to must file a motion requesting that the Court estimate their claims for purposes of voting on the Plan. Motion at ¶ 35.

11. As noted above, the hearing on the Motion will not be held until January 14, 2010. Practically speaking, this means that a signed Order of the Court approving the Disputed Claim Procedures will not be sent to and received by the creditors until on or about January 21 or January 22, 2010. Thus, a deadline of January 25, 2010, less than a week after receipt of the Solicitation Package, is not reasonable or feasible. The Committee submits that a more appropriate deadline for the filing of a motion by a creditor to estimate its claim for voting purposes would be February 18, 2010. This deadline would allow adequate time for those creditors affected by the Disputed Claim Deadline to properly prepare and file a motion seeking to have the Court estimate their claims for voting purposes, provide the Plan Proponents adequate time to respond to any such motion(s), and permit a hearing on any such motion(s) to be held at the same time as the confirmation hearing, which is scheduled to be held on March 4, 2010.

**Default If No Ballot Cast**

12. Finally, the Proposed Procedures seek to establish that if no creditors in a particular Voting Class vote to accept or reject the Plan, such Voting Class will be deemed to have accepted the Plan. *See* Motion at ¶ 45. The Committee submits that this incorrectly states the law and that the Proposed Procedures should provide that if no creditors in a particular class under the Plan vote at all, then that class should be deemed to have rejected the plan.

13. It is well settled that creditors who fail to vote are entirely disregarded for purposes of determining whether such class has accepted or rejected a plan of reorganization. See In re M. Long Arabians, 103 B.R. 211, 215 (B.A.P. 9th Cir. 1989), In re Townco Realty, Inc.

81 B.R. 707, 708 (Bankr. S.D. Fla. 1987), In re Friese, 103 B.R. 90, 92 (Bankr. S.D.N.Y. 1989), In re Higgins Slacks Company, 178 B.R. 853, 856 (Bankr. N.D. Ala. 1995).

14. While courts have held that non-voting class members are bound by the votes of others in their class (see In re White Farm Equipment Co., 38 B.R. 718 (N.D. Ohio 1984), see also Higgins Slacks), this is quite different than the procedure proposed by the Proponents. The Proponents would have a class of creditors deemed to have accepted the Plan even though no member of that Voting Class cast any ballot at all. In effect the Proponents seek to have the Court extend the provisions of §1126(f) of the Bankruptcy Code to impaired classes of creditors. This represents an unwarranted extension of existing law by the Proponents. See Arabians, 103 B.R. at 215 ("The failure or inability of a creditor to vote is not equivalent to acceptance of the plan."), Townco, 81 B.R. at 708 ("[it is submitted that] failure to vote constitutes acceptance of the plan. This is not the case."), Friese, 103 B.R. at 92 ("The conclusion from all of this court is that the court cannot deem an impaired class to have accepted a plan if no creditors in that class have voted."); In re Vita Corp., 380 B.R. 525, 528 (C.D. Ill. 2008)(upholding the Bankruptcy Court's decision to deny a confirmation of a plan on the grounds that a class in which no votes were cast cannot be deemed to have accepted such plan). The Committee therefore submits that the Proposed Procedures be modified to provide that if no creditors in a particular Voting Class vote to accept or reject the Plan, such Voting Class will be deemed to have rejected the Plan.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order modifying the Proposed Procedures as set forth and to grant the Committee such other and further relief as is fair and equitable.

Dated: January 7, 2010
       Wilmington, Delaware

**POLSINELLI SHUGHART PC**

_/s/ Christopher A. Ward_
Christopher A. Ward, Esq. (Bar No. 3877)
Justin K. Edelson, Esq. (Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0922 (Telephone)
(302) 252-0921 (Facsimile)

-and-

**LOWENSTEIN SANDLER PC**
Bruce Buechler, Esq.
Bruce Nathan, Esq.
Sharon L. Levine, Esq.
Joseph A. Becht, Jr., Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Official Committee of Unsecured Creditors*