IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| WHITE ENERGY, INC., *et al.*,[1] | Case No. 09-11601 (CSS) (Jointly Administered) |
| Debtors. | |

**RESPONSE OF COLUMBUS NOVA ETHANOL HOLDINGS LLC TO THE MOTION OF THE DEBTORS AND THE PREPETITION AGENT FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE CHAPTER 11 PLAN OF REORGANIZATION FOR WHITE ENERGY, INC. AND ITS AFFILIATED DEBTORS FILED BY THE DEBTORS AND WESTLB AG, NEW YORK BRANCH, AS ADMINISTRATIVE AGENT; (II) APPROVING FORM OF BALLOT AND PROPOSED SOLICITATION, VOTING AND TABULATION PROCEDURES FOR THE PLAN AND PLAN CONFIRMATION PROCESS; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE AND DISTRIBUTION THEREOF; AND (IV) SCHEDULING A HEARING ON PLAN CONFIRMATION**

Columbus Nova Ethanol Holdings LLC ("Columbus Nova"), by and through its undersigned counsel, files this response (the "Response") to the *Motion of the Debtors and the Prepetition Agent for Entry of an Order (I) Approving The Disclosure Statement Relating to the Chapter 11 Plan of Reorganization For White Energy, Inc. and its Affiliated Debtors Filed by the Debtors and WestLB AG, New York Branch, as Administrative Agent; (II) Approving Form of Ballot and Proposed Solicitation, Voting and Tabulation Procedures for the Plan and Confirmation Process; (III) Approving the Solicitation Packages and Prescribing the Form and*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: White Energy, Inc. (1083); White Energy Holding Company, LLC (3034); US Energy Partners, LLC (1177); WE Hereford, LLC (9408); and Plainview BioEnergy, LLC (5553). The corporate headquarters for each of the Debtors is 5005 LBJ Freeway, Suite 1400, Dallas, TX 75244.

*Manner of Notice and Distribution Thereof; and (IV) Scheduling a Hearing on Plan Confirmation* (the "Agent's Disclosure Statement Motion"),[2] and respectfully states as follows:

## Procedural Background

1. On May 7, 2009, each of the Debtors commenced a case (each, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 12, 2009, the Court entered an order approving the joint administration of the Chapter 11 Cases.

2. On May 27, 2009, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Creditors' Committee") in the Chapter 11 Cases. No trustee or examiner has been requested or appointed in the Cases.

3. On December 3, 2009, this Court entered an order denying the Debtors' motion to extend the period of time during which the Debtors had the exclusive right to file a plan of reorganization and solicit acceptances thereof. Accordingly, the period of time during which the Debtors had the exclusive right to file a plan of reorganization expired on December 1, 2009.

4. On December 15, 2009, WestLB AG, New York Branch, as administrative agent for the Prepetition Lenders under the Credit Agreement (the "Agent") and the Debtors filed (i) the Joint Chapter 11 Plan of Reorganization for White Energy, Inc. and its Affiliated Debtors (the "Agent's Plan") (ii) a disclosure statement relating to the Agent's Plan (the "Agent's Disclosure Statement") and (iii) the Agent's Disclosure Statement Motion seeking approval of the Agent's Disclosure Statement, the proposed form of ballots, the proposed solicitation, voting

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Disclosure Statement Motion.

and tabulation procedures, the proposed form of solicitation packages, and scheduling a hearing to consider confirmation of the Agent's Plan. This Court scheduled a hearing (the "Agent's Disclosure Statement Hearing") on the Agent's Disclosure Statement Motion on January 14, 2010 at 11:00 a.m. Prevailing Eastern Time. The deadline to object to the Agent's Disclosure Statement Motion is January 7, 2010 at 4:00 p.m. Prevailing Eastern Time.

5. On December 31, 2009, Columbus Nova filed (i) its Chapter 11 Plan of Reorganization for White Energy, Inc and its Affiliated Debtors (the "Columbus Nova Plan"), (ii) the disclosure statement relating to the Columbus Nova Plan (the "Columbus Nova Disclosure Statement"), (iii) the motion seeking approval of the Columbus Nova Disclosure Statement, the proposed form of ballots, the proposed solicitation, voting and tabulation procedures, the proposed form of solicitation packages, and scheduling a hearing to consider confirmation of the Columbus Nova Plan (the "Columbus Nova Disclosure Statement Motion") and (iv) the motion to shorten the notice period applicable to the Columbus Nova Disclosure Statement Motion (the "Motion to Expedite").

6. On January 4, 2010, this Court denied the Motion to Expedite. Shortly thereafter, Columbus Nova delivered notice to all parties listed on both the master service list and the creditor matrix of the date on which this Court scheduled the hearing to consider the Columbus Nova Disclosure Statement Motion (the "Columbus Nova Disclosure Statement Hearing"). The Columbus Nova Disclosure Statement Hearing is presently scheduled to take place on February 18, 2010 (or such other date as this Court may designate in the future).

**Relief Requested**

7. Columbus Nova filed the Motion to Expedite to create a fair process that would permit the Columbus Nova Plan to be solicited on a parallel track with the Agent's Plan. While that is no longer possible, Columbus Nova respectfully requests that this Court schedule the confirmation hearing on the Agent's Plan sufficiently after the Columbus Nova Disclosure Statement Hearing, so that confirmation of both the Agent's Plan and the Columbus Nova Plan to be considered at the same time. Scheduling a confirmation hearing on the Agent's Plan prior

3

to a time when Columbus Nova has completed solicitation of votes on the Columbus Nova Plan will unnecessarily moot Columbus Nova's efforts to present the Columbus Nova Plan to the Debtors' stakeholders and other parties-in-interest without providing any corresponding benefit to the Debtors or their estates.[3] Conversely, scheduling a joint confirmation hearing on both the Columbus Nova Plan and the Agent's Plan will ease the administrative burden associated with potentially holding two confirmation hearings while also giving all of the Debtors' stakeholders an opportunity to review their options and be heard at a single, consolidated hearing.

        8.       In addition, consistent with Columbus Nova's desire to allow all stakeholders to compare and evaluate the two plans of reorganization, Columbus Nova requests that this Court require the Debtors and the Agent to include a letter from Columbus Nova (the "Columbus Nova Letter") in the Agent's Disclosure Statement that is approved for mailing to creditors. The Columbus Nova Letter will include a summary of the Columbus Nova Plan and express Columbus Nova's position that the Columbus Nova Plan provides a superior recovery to all of the Debtors' classes of creditors, and a better result to all parties in interest, than the Agent's Plan. Given the timing of the two confirmation processes, Columbus Nova submits that inclusion of the Columbus Nova Letter in the Agent's Disclosure Statement is the fairest and most efficient method of informing creditors that alternate treatment may be available to them under the Columbus Nova Plan while still allowing the Agent and the Debtors to proceed with solicitation of the Agent's Plan.

---

[3] Columbus Nova recognizes that Article IX of the Agent's Plan makes entry of the Confirmation Order (as defined in the Agent's Plan) no later than March 8, 2010 a condition precedent to confirmation. Nevertheless, Agent's Plan and Agent's Disclosure Statement provide no basis as to why this date is important and why this date could not be extended for a short time to allow both the Agent's Plan and the Columbus Nova Plan to be considered at the same confirmation hearing.

WHEREFORE, Columbus Nova respectfully requests that the Court grant the relief requested above and such other relief as it deems proper.

Dated: January 7, 2010
Wilmington, Delaware

Respectfully submitted,

By: /s/ Michael R. Nestor

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Michael R. Nestor, Esq.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Direct Dial: 302-571-6699
Direct Fax: 302-576-3321

and

**LATHAM & WATKINS LLP**
Mark A. Broude
James C. Gorton
Jude M. Gorman
Joseph S. Fabiani
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Attorneys for Columbus Nova