**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------- X
: Chapter 11
:
In re: : Case No. 09-11601 (CSS)
:
WHITE ENERGY INC., *et al.*, : (Jointly Administered)
:
Debtors. : **Re: D.I. 434, 476, 479, 480**
:
: **Hearing Date: January 14, 2010 at 11:00 a.m. E.T.**
:
------------------------------- X

**REPLY OF WESTLB AG, NEW YORK BRANCH, AS ADMINISTRATIVE AGENT, TO OBJECTIONS TO (1) DISCLOSURE STATEMENT RELATING TO CHAPTER 11 PLAN FILED BY DEBTORS AND WESTLB AND (2) OTHER RELATED MATTERS**

On December 16, 2009, the Debtors and WestLB AG, New York Branch (as lender and administrative agent (the "Agent"), on behalf of itself and the Secured Lenders) filed their motion for the entry of an order (I) approving the Disclosure Statement relating to the Plan filed by the Debtors and the Agent; (II) approving the form of ballot and proposed solicitation, voting and tabulation procedures for the Plan and the Plan confirmation process; (III) approving the Solicitation Packages and prescribing the form and manner of notice and distribution thereof; (IV) scheduling a hearing on Plan confirmation; and (V) granting other related relief (the "Motion"). Any capitalized term used herein but not defined herein has the meaning ascribed to such term in the Motion.

The following responses (the "Responses and Objections") were timely filed with respect to the Motion and the Disclosure Statement: (a) the objection (the "Taxing Entities Objection") of Deaf Smith County Appraisal District and Hale County Appraisal District (the "Taxing Entities"); (b) the limited objection (the "Committee's Limited Objection") of the Official Committee of Unsecured Creditors (the "Creditors' Committee"); and (c) the response (the

11980813_1

"Columbus Nova Response") of Columbus Nova Ethanol Holdings LLC, which holds substantially all of the equity interests in the Debtors ("Columbus Nova").

The Agent, by and through its undersigned counsel, for its reply to the Responses and Objections respectfully states as follows:

**PRELIMINARY STATEMENT**

None of the Responses and Objections address the adequacy of the disclosures contained in the Disclosure Statement. Accordingly, the Agent requests that the amended Disclosure Statement (the "Amended Disclosure Statement") submitted to the Court prior to the Disclosure Statement hearing (the "Hearing") on January 14, 2010 be approved, and that the Proponents be authorized to send out the Solicitation Packages together with the solicitation letter provided by the Committee to the Proponents.

All of the Responses and Objections either raise confirmation issues, which should be reserved for the hearing with respect to confirmation of the Plan, or address certain aspects of the Solicitation and Voting Procedures set forth in the Motion, as modified by the proposed order (the "Proposed Order") filed with the Court on January 12, 2010 (the "Modified Solicitation and Voting Procedures"). As discussed below, the Modified Solicitation and Voting Procedures are reasonable, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code, Fed. R. Bankr. P. 3017 and 3018 and the applicable case law. Consequently, for the reasons discussed more fully below, the Agent respectfully requests that the Court overrule the Responses and Objections and enter the Proposed Order.

### A.   Taxing Entities Objection Raises Confirmation Issue

The Taxing Entities Objection raises one issue -- namely, whether the Taxing Entities are entitled to the payment of interest on their claims. The Agent respectfully submits that this issue

2

11980813_1

is not a Disclosure Statement issue, but rather a confirmation issue. Accordingly, the Agent requests that the Court overrule the Taxing Entities Objection to the Disclosure Statement with the understanding that the Taxing Authorities reserve the right to assert their objection in connection with confirmation of the Plan.

### B. Committee's Limited Objection Should Be Overruled

The Committee's Limited Objection relates to certain aspects of the Solicitation and Voting Procedures, and should be overruled. Notwithstanding that the proposed deadlines (the "<u>Voting and Estimation Deadlines</u>") for voting on the Plan and for creditors to move to seek temporary allowance of their claims for voting purposes (under Fed. R. Bankr. P. 3018) meet the requirements set forth in the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and are otherwise fair and reasonable, the Committee asserts that the Voting and Estimation Deadlines do not afford creditors sufficient time. The Agent respectfully submits that the Voting and Estimation Deadlines provide ample time for all impaired creditors to vote and for any creditor whose claim is the subject of a pending objection to file a motion under Rule 3018.[1] The Committee has not provided any concrete explanation as to why additional time is necessary or demonstrated that any creditor will be unfairly prejudiced by the Voting and Estimation Deadlines. And, most significantly, not a single creditor that is actually subject to the Voting and Estimation Deadlines has objected. Accordingly, the Agent respectfully requests that the Voting and Estimation Deadlines set forth in the Proposed Order be approved.

In addition, whereas the Debtors and the Agent seek to provide as part of the Solicitation and Voting Procedures that if no creditors in a particular voting class actually vote, then such

---

[1] The Agent believes that the claims of only one creditor are currently the subject of a pending objection.

voting class will be deemed to have accepted the Plan, the Committee objects to this procedure. Examination of the relevant case law on this issue reveals that the weight of judicial authorities firmly support the adoption of the Solicitation and Voting Procedures sought by the Debtors and the Agent. *See Heins v. Ruti-Sweetwater, Inc. (In re Ruti-Sweetwater, Inc.),* 836 F.2d 1263 (10th Cir.1988) *cited with approval in In re Szostek*, 886 F.2d 1405, 1413 (3d Cir. 1989).

While there do not appear to be any reported decisions on point in the District of Delaware, there are at least two recent decisions from the United States Bankruptcy Court for the Southern District of New York that directly support the position advanced here by the Agent and the Debtors. In *In re Adelphia Communications Corp.*, 368 B.R. 140 (Bankr. S.D.N.Y. 2007), although thousands of creditors holding billions of dollars in claims voted, there were a few small classes where creditors did not cast any votes. At confirmation, objectors argued that the plan could not be confirmed because the cramdown provisions had not been satisfied with respect to those classes. Judge Gerber flatly rejected that argument, based on the reasoning of *Ruti-Sweetwater*, and held that "a few small classes in which no vote was cast at all [should not] undermine the votes of thousands of other creditors." *Id.* at 224. As Judge Gerber aptly concluded, "subjecting the plan to the higher requirements for cramdown, simply by reason of a class's failure to vote, [makes] no sense." *Id.* at 260.

In *In re DBSD North America, In*c., 2009 WL 3491060, at *20 (Bankr. S.D.N.Y. Oct 26, 2009), Judge Gerber revisited the issue and reached the same conclusion, stating as follows:

> For the reasons I articulated at greater length in *Adelphia* -- including, most significantly, that the Bankruptcy Code focuses on those who vote, and not the total membership of classes, and because the former Act made confirmation depend on votes, and not failures to vote -- where the plan proponents have otherwise secured the assent of at least one impaired class, and there are no votes whatever in a particular class, the absence of votes in a class doesn't result in failure to satisfy section 1129(a)(8). *Ruti-Sweetwater* continues to be the only

4

case at the Circuit level addressing this issue, but more importantly, I continue to believe, as I did in *Adelphia*, that *Ruti-Sweetwater* was correctly decided.

The reasoning of the courts in *Ruti-Sweetwater, Adelphia* and *In re DBSD North America, In*c. is particularly germane here, where the vast majority of creditors -- in both number and dollar amount -- fall into either the class of Secured Lender Claims or the class of General Unsecured Claims. That there will be no votes whatsoever in these classes is utterly inconceivable; indeed, the Agent is entitled to vote in both of these classes. By contrast, it is entirely unclear whether any Other Secured Claims even exist or whether any creditor in the class of Other Secured Claims will choose to vote. The Agent respectfully submits that the Agent and the Debtors should not have to resort to the cramdown provisions of Bankruptcy Code section 1129(b) in order to confirm the Plan with respect to any small voting class that does not have any creditor vote either to accept or reject the Plan. Thus, for all of the foregoing reasons, the Agent respectfully requests that the Committee's Limited Objection be overruled in its entirety.

### C. Solicitation of Acceptances and Rejections With Respect to the Plan Should Not Be Delayed by Columbus Nova's Unconfirmable Competing Plan

Columbus Nova seeks to delay the scheduling of the confirmation hearing with respect to the Plan until Columbus Nova has completed the solicitation of votes on its patently unconfirmable plan. Columbus Nova also requests that the Agent include in the Solicitation Packages with respect to the Plan a letter from Columbus Nova concerning its patently unconfirmable plan. For the reasons discussed below, the Agent respectfully urges the Court to deny both of these requests.

The Agent respectfully submits that the scheduling of the confirmation hearing with respect to the Debtors/Agent Plan should not be delayed at all. Indeed, on December 1, 2009,

5

this Court conducted a contested evidentiary hearing (the "Exclusivity Hearing") with respect to the Debtors' motion for a further extension of their exclusive periods for filing a plan of reorganization in these chapter 11 cases and soliciting acceptances with respect thereto. Representatives of Columbus Nova and its counsel attended the Exclusivity Hearing by telephone. At the conclusion of the Exclusivity Hearing, this Court determined -- for the reasons stated on the record of the Exclusivity Hearing -- to deny the Debtors' motion for a further extension of exclusivity. Accordingly, the Debtors' exclusive period for filing a plan of reorganization in these cases terminated on December 1, 2009, at the conclusion of the Exclusivity Hearing. In terminating exclusivity, the Court was not persuaded that Columbus Nova's last minute, Thanksgiving eve, submission of a plan term sheet warranted an extension of exclusivity. On December 3, 2009, this Court entered an order formally denying the Debtors' exclusivity motion.

On or about December 15, 2009, two weeks after the Exclusivity Hearing, the Debtors and the Agent jointly filed the Plan, their related Disclosure Statement and the Motion that is presently before this Court.

On New Year's Eve -- which was **30 days after** exclusivity terminated, **15 days after** the Debtors and the Agent filed their Plan and Disclosure Statement and **only 14 days before** the Hearing with respect to the Motion, Columbus Nova filed a patently unconfirmable plan of reorganization (the "Equity Plan") and a disclosure statement relating thereto. At the same time, Columbus Nova filed the Equity Motion for Expedited Consideration of the Equity Disclosure Statement (the "Equity Motion for Expedited Consideration"). On January 4, 2010, the Agent filed an objection to the Equity Motion for Expedited Consideration (the "Agent's Objection"). The Court denied the Equity Motion for Expedited Consideration that day.

The Equity Plan continues to be plainly incapable of being confirmed for the reasons set forth in the Agent's Objection.  For example, it appears that Columbus Nova will not be able to satisfy Bankruptcy Code section 1129(a)(10), which requires that a non-insider impaired class vote in favor of the Equity Plan.  Additionally, the Equity Plan appears to take the position that the Secured Lenders are fully secured.  Thus the Secured Lenders would have an Allowed Claim of $307 million <u>plus</u> interest accrued from and after the commencement of these chapter 11 cases.  If, as the Equity Plan says, the Secured Lenders are to receive a plan distribution in Cash equal to the difference between their $307+ million Secured Claim and the $260 million of notes to be distributed to the Secured Lenders, then the Secured Lenders are entitled to a plan distribution in Cash of at least $47 million.

But, Columbus Nova is not providing enough new Cash to fund this payment of at least $47 million.  The Debtors currently have approximately $33 million of Cash on hand.  Columbus Nova is requiring that $25 million of this amount be set aside for working capital, which leaves $8 million to fund Plan Distributions.  That $8 million together with Columbus Nova's proposed $35 million equity contribution results in $43 million to fund Plan Distributions.  $43 million is not sufficient to fund the Cash payment to the Secured Lenders, let alone the **millions of dollars** of Cash payments to be made upon the effective date of the Plan to creditor Fagen, Inc., general unsecured creditors, creditors holding claims arising under section 503(b)(9), other administrative claimants, etc.  Thus, the Equity Plan is not workable.

Moreover, Columbus Nova has utterly failed to provide any explanation whatsoever as to why it waited until 30 days after the termination of exclusivity and 15 days after the filing of the Debtors/Agent Plan to file the Equity Plan -- on New Year's Eve, no less.  Rather than constitute legitimate cause for delaying the confirmation hearing with respect to the Debtors/Agent Plan,

such conduct plainly smacks of improper tactics by an insider of the Debtors. Although Columbus Nova had as much time as the Agent to file its plan, it is obvious that Columbus Nova intentionally delayed in filing the Equity Plan in order to gain a tactical advantage over the Agent. Columbus Nova certainly cannot contend that it was unaware that the Debtors and the Agent were preparing to file the Debtors/Agent Plan, given that the Agent announced at the December 1 Exclusivity Hearing that it was prepared to file a plan and, indeed, did so jointly with the Debtors (which are controlled by Columbus Nova) on December 15. The Agent respectfully submits that Columbus Nova should not now be rewarded for its dilatory conduct and improper tactics.

Accordingly, the Agent respectfully submits that confirmation with respect to the Plan should be scheduled, as requested by the Debtors and the Agent, for March 4, 2010.

Finally, Columbus Nova's request to include in the Solicitation Packages a "letter," describing the Equity Plan and stating that Columbus Nova believes that the Equity Plan provides a better recovery to creditors than the Debtors/Agent Plan, should likewise be denied. Nothing in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure provides for such a letter, and section 1125(a)(2) expressly prohibits the solicitation of creditors without a written disclosure statement approved by the Court as containing adequate information. 11 U.S.C. § 1125. Moreover, the Agent respectfully submits that it is misleading to suggest to creditors that there is another viable plan available for creditor consideration when the Equity Plan is not, in fact, viable or confirmable. However, to the extent the Court determines that it would be appropriate to advise creditors of the existence of the Equity Plan, the Agent would consent to the inclusion of the following statement in the Amended Disclosure Statement: "On December 31, 2009, Columbus Nova Ethanol Holdings LLC filed with the Bankruptcy Court its Chapter 11

Plan of Reorganization for White Energy, Inc. and its Affiliated Debtors and related disclosure statement. The Agent believes that the Columbus Nova Plan is not confirmable and that the Plan proposed by the Debtors and the Agent is the better plan for all parties in interest."

WHEREFORE, for all of the foregoing reasons, the Agent respectfully requests that this Court overrule the Responses and Objections, enter the Proposed Order, and grant such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
January 12, 2010

/s/ Michael J. Custer
David B. Stratton (DE No. 960)
Michael J. Custer (DE No. 4843)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
(302) 777-6500

and

Madlyn Gleich Primoff , Esq.
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000
mprimoff@kayescholer.com


Co-Counsel for WestLB AG, New York Branch, as Lender and Administrative Agent