IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WHITE ENERGY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11601 (CSS)<br><br>Jointly Administered<br><br>Re: Docket Nos. 426, 440, 489 |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE CHAPTER 11 PLAN OF REORGANIZATION FOR WHITE ENERGY, INC. AND ITS AFFILIATED DEBTORS FILED BY THE DEBTORS AND WESTLB AG, NEW YORK BRANCH, AS ADMINISTRATIVE AGENT; (II) APPROVING FORM OF BALLOT AND PROPOSED SOLICITATION, VOTING AND TABULATION PROCEDURES FOR THE PLAN AND PLAN CONFIRMATION PROCESS; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE AND DISTRIBUTION THEREOF; (IV) SCHEDULING A HEARING ON PLAN CONFIRMATION AND <u>(V) GRANTING OTHER RELATED RELIEF</u>**

Upon (a) the record of the hearing held on January 15, 2010 (the "<u>Disclosure Statement Hearing</u>") to consider (i) the approval of the Disclosure Statement (as such disclosure statement may be amended from time to time, the "<u>Disclosure Statement</u>") (Docket No. 426) relating to the Chapter 11 Plan of Reorganization (as such plan may be amended from time to time in accordance with the terms thereof, the "<u>Plan</u>") (Docket No. 425) for White Energy, Inc. and its Affiliated Debtors (collectively, the "<u>Debtors</u>") filed by the Debtors and WestLB AG, New York Branch, as Administrative Agent for the Secured Lenders under the Credit Agreement (the "<u>Agent</u>") and (ii) the motion dated December 16, 2009 of the Debtors and the Agent (together, the "<u>Proponents</u>"), as amended (the "<u>Motion</u>") for entry of an order, among other things (i) approving the Disclosure Statement; (ii) approving the forms of ballot and proposed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: White Energy, Inc. (1083); White Energy Holding Company, LLC (3034); US Energy Partners, L.L.C. (1177); WE Hereford, LLC (9408); and Plainview BioEnergy, LLC (5553). The corporate headquarters for each of the Debtors is 5005 LBJ Freeway, Suite 1400, Dallas, TX 75244.

solicitation, voting and tabulation procedures for the Plan and the Plan confirmation process; (iii) approving the Solicitation Packages (as such term is defined below) and prescribing the form and manner of notice and distribution thereof; and (iv) scheduling a confirmation hearing on the Plan; and upon consideration of the objections to the Disclosure Statement (the "<u>Objections</u>"); and it appearing that the Court has jurisdiction over this matter; and due and proper notice of the Motion, Disclosure Statement and Disclosure Statement Hearing[2] (in the form attached to the Motion as **Exhibit "F"**), having been given; and it appearing that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and upon the record of the Disclosure Statement Hearing and all of the proceedings before the Court; and the Court having determined after due deliberation that the Disclosure Statement contains adequate information, as such term is defined in section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"); and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that, in accordance with section 1125 of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Disclosure Statement is hereby approved as containing adequate information as defined in section 1125 of the Bankruptcy Code; and it is further

ORDERED that any Objections that have not been withdrawn or resolved are hereby overruled; and it is further

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in (i) the Motion or (ii) if not defined in the Motion, the Plan.

ORDERED that, in accordance with Bankruptcy Rule 3017(c), the date set as the deadline for voting on the Plan shall be February 18, 2010 (the "Voting Deadline"); and it is further

ORDERED that, in accordance with section 1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b)(c), a hearing to consider confirmation of the Plan and any objections that may be interposed (the "Confirmation Hearing") shall be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, at 824 N. Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801, commencing on March 4, 2010 at 11:00 a.m., Prevailing Eastern Time; and it is further

ORDERED that the Confirmation Hearing may be adjourned solely by the Agent (After Consultation with the Debtors) or the Bankruptcy Court from time to time without further notice; and it is further

ORDERED that, in accordance with Bankruptcy Rules 3020(b) and 9006(c)(1), objections, if any, to the confirmation of the Plan (collectively, the "Plan Objections") must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the Claim or Equity Interest of such party, (b) state with particularity the basis and nature of each objection to confirmation of the Plan and (c) be filed, together with proof of service, with the Court and served so as to be received no later than 4:00 p.m., Prevailing Eastern Time, on February 25, 2010 (the "Plan Objection Deadline"), by the Court and the following parties: (a) attorneys for the Debtors, Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801, Attn: Michael R. Lastowski and Christopher M. Winter, and Ice Miller, LLP, One American Square, Suite 2900, Indianapolis, Indiana 46282, Attn: Henry A. Efroymson; (b) attorneys for WestLB AG, New York Branch, as Administrative Agent, Kaye

Scholer LLP, 425 Park Avenue, New York, New York 10022, Attn: Madlyn Gleich Primoff, and Pepper Hamilton LLP, 1313 N. Market Street, Wilmington, Delaware 19801, Attn: David B. Stratton; (c) attorneys for the Official Committee of Unsecured Creditors, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: Bruce Buechler, and Polsinelli Shughart PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher Ward; and (d) the Office of the United States Trustee, District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: T. Patrick Tinker; and it is further

ORDERED that the solicitation and voting procedures set forth in the Motion (the "Solicitation and Voting Procedures") are hereby approved as modified herein; and it is further

ORDERED that pursuant to Bankruptcy Rules 3017(c) and 3018(a), the date for purposes of determining the creditors entitled to vote on the Plan or, in the case of non-voting classes, for purposes of determining the holders of Claims and Equity Interest entitled to receive certain non-voting materials, shall be January 8, 2010 (the "Record Date"); and it is further

ORDERED that with respect to the Record Date, the record holders of Claims and Equity Interests will be determined based upon the following: (a) with respect to holders of Claims or Equity Interests entitled to receive Notices of Non-Voting Status (as defined below) the schedules of assets and liabilities of the Debtors as of the Record Date; and (b) with respect to bank syndicates or other similarly situated creditor groups entitled to vote on the Plan, the records of the applicable agent bank or similarly situated agent as of the Record Date; and it is further

ORDERED that any notices of claim transfers received by bank agents, The Garden City Group, Inc. or other similarly situated claims agents or registrars after the Record Date shall not be recognized for purposes of voting on the Plan; and it is further

ORDERED that the following procedures (the "Disputed Claim Procedures") regarding the disallowance of Claims for voting purposes as well as the temporary allowance of claims for voting purposes only, are hereby approved:

   a. If (i) an objection to a Claim is pending on the Record Date, (ii) the Proof of Claim for such Claim was filed (w) after the applicable Bar Date, (x) in a wholly unliquidated or undetermined amount, (y) states that such Claim is wholly contingent as to amount or liability, and/or (z) such Claim was scheduled on the Debtors' Schedules as "disputed," "contingent," "unliquidated," or in an amount less than the amount asserted by such proof of claim or (iii) no Proof of Claim for such Claim was filed and such Claim was listed in the Debtors' Schedules as "disputed," "contingent," "unliquidated," in an unknown amount or in the amount of $0, the holder of such Claim shall not be entitled to vote such Claim <u>unless</u>, prior to the Voting Deadline: (i) an order is entered by this Court temporarily allowing such Claim for voting purposes pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (ii) a stipulation or other agreement is executed between the holder of such Claim and the Agent (After Consultation with the Debtors) resolving such objection and allowing the holder to vote such Claim in an agreed upon amount; or (iii) the pending objection to such Claim is voluntarily withdrawn by the Debtors, unless another objection to such claim is then pending ((i)-(iii) each, a "Resolution Event"). The Court has established a deadline of **January 25, 2010, at 4:00 p.m. (prevailing Eastern Time)**, for holders of Claims affected by this subparagraph a. to file (and serve on counsel for the Debtors, the Agent, the Creditors' Committee and the United States Trustee) a motion pursuant to Bankruptcy Rule 3018 with this Court for the temporary allowance of his, her or its Claim for voting purposes. The Court shall set a hearing to consider any motion brought under this subsection.

   b. No later than two (2) business days after a Resolution Event, the Solicitation and Tabulation Agent shall distribute a Ballot to the relevant holder, which must be completed and returned to the Solicitation and Tabulation Agent by no later than the Voting Deadline, unless such deadline is extended by the Agent (After Consultation with the Debtors) or the Court to facilitate a reasonable opportunity for such holder to vote for or against the Plan after the occurrence of a Resolution Event.

   c. If an objection to Claim is filed after the Record Date but before the Confirmation Hearing, the Ballot, if any, of the holder of such Claim shall be counted, for

voting purposes only, in the amount of such Claim as scheduled, or if a proof of claim was filed, in the amount of the Claim set forth on such proof of claim.

ORDERED that holders of Claims in Class 2 - Secured Lender Claims, Class 3 – Other Secured Claims, Class 4 – Secured Tax Claims, and Class 5 – General Unsecured Claims (collectively, the "Voting Classes") are entitled to vote to accept or reject the Plan and that the Ballot forms shall be distributed only to holders of Claims in the Voting Classes; and it is further

ORDERED that holders of Class 7 – Preferred White Energy Equity Interests and Class 8 – Common White Energy Equity Interests will receive nothing under the Plan and each such class is deemed to have rejected the Plan; and it is further

ORDERED that holders of Class 1 – Priority Claims and Class 6 – Subsidiary Equity Interests are unimpaired and such classes are conclusively presumed to have accepted the Plan; and it is further

ORDERED that the forms of Ballot substantially in the form attached to the Motion as **Exhibits "B1", "B2", "B3", "B4" and "B5"** are approved; and it is further

ORDERED that, following approval of the Disclosure Statement, the Proponents shall distribute or cause to be distributed solicitation packages (the "Solicitation Packages") to each record holder of a Claim in a Voting Classes. The Solicitation Packages will contain copies of:

    a.    this Order;

    b.    the Confirmation Hearing notice, substantially in the form attached to the Motion as **Exhibit "C"** (the "Confirmation Hearing Notice");

    c.    a Ballot or Ballots (as the case may be), substantially in the form attached to the Motion as Exhibit "B1" (for holders of Class 2 Claims), "B2" (for holders of Class 3 Claims), "B3" (for holders of Class 4 Claims), "B4" (for holders of Class 5 General Unsecured Claims that are not Secured Lender Deficiency Claims) and "B5" (for holders of Class 5 Secured Lender Deficiency Claims) and a pre-addressed postage pre-paid return envelope; and

   d.  either (i) a CD-ROM containing the Disclosure Statement (together with the Plan attached thereto) or (ii) a hard copy of the Disclosure Statement (together with the Plan attached thereto);

and such Solicitation Packages may also contain a letter from the Debtors and/or the Agent urging creditors to vote in favor of the Plan; and it is further

  ORDERED that the Ballots will instruct the holders of Voting Classes to execute and return the Ballots on or before February 18, 2010 to The Garden City Group, Inc. (the "Solicitation and Tabulation Agent") for tabulation; and it is further

  ORDERED that the Proponents shall mail the Solicitation Packages by no later than four (4) business days after entry of this Order (the "Solicitation Date"); and it is further

  ORDERED that if service by CD-ROM imposes a hardship for any creditor (e.g., the creditor does not own or have access to a computer or the Internet), the Proponents, upon request to the Solicitation and Tabulation Agent at (312) 499-6900, shall deliver by first class mail a paper copy of the Plan and Disclosure Statement at no cost to the creditor or equity holder within four (4) business days of receipt of such request; and it is further

  ORDERED that the Proponents shall distribute or cause to be distributed by the Solicitation Date, the Solicitation Package without a (i) Ballot or (ii) return envelope to (a) the U.S. Trustee; (b) the attorneys for the Creditors' Committee; (c) the Securities and Exchange Commission; (d) the District Director of the Internal Revenue Service; (e) the Department of Justice; (f) all counterparties to the Debtors' executory contracts and unexpired leases; (g) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (h) any taxing authorities to which the Debtors' operations are subject; and it is further

  ORDERED that the Proponents shall be excused from distributing Solicitation Packages to those entities listed at addresses to which undeliverable mailings were previously sent, unless

the Proponents receive written notice of accurate addresses for such entities prior to the Disclosure Statement Hearing; and it is further

ORDERED that the following additional procedures with respect to the solicitation of votes on the Plan are hereby approved:

- Solicitation and Tabulation Agent:

    The Solicitation and Tabulation Agent will be responsible for the distribution of Solicitation Packages to, and tabulation of Ballots received from, the entities such agent solicited.

- Return of Ballots:

    Each holder of a Claim for which a Claim amount may be determined and which Claim is not treated as unimpaired under the Plan as of the Record Date or placed in a class deemed to reject the Plan is entitled to vote to accept or reject the Plan. All Ballots will be accompanied by return postage pre-paid envelopes addressed to be returned as directed. All Ballots must be actually received by the Solicitation and Tabulation Agent by the Voting Deadline. If Ballots are not actually received by the Solicitation and Tabulation Agent by the Voting Deadline, they will not be counted, unless otherwise order by the Court.

- Inquiries:

    All inquiries related to the Plan, the Disclosure Statement, and the Solicitation and Voting Procedures should be directed to the Solicitation and Tabulation Agent at the phone number set forth on the Ballot;

and it is further

ORDERED that the Proponents shall send to such holders of Claims in the Unimpaired Classes a notice of non-voting status, substantially in the form attached to the Motion as **Exhibit "D"** (the "Notice of Non-Voting Status – Unimpaired Classes"), which identifies the classes designated as unimpaired, informs the claimant of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained via the Internet at http://cert.gardencitygroup.com/wei/fs/searcher, or a hard copy or

CD-ROM upon request to Solicitation and Tabulation Agent at 312-499-6900, as therein provided; and it is further

ORDERED that the Notice of Non-Voting Status – Unimpaired Classes satisfies the requirements of Bankruptcy Rule 3017(d), and accordingly, copies of the Disclosure Statement and exhibits thereto, including the Plan, which is attached as Exhibit "A" to the Disclosure Statement, need not be mailed to any holder of an unimpaired Claim unless such party makes a specific request for the same; and it is further

ORDERED that the Proponents shall send (or cause to be sent) to such holders of Equity Interests that are not entitled to receive any distribution under the Plan in the Deemed Rejecting Classes a notice of non-voting status, substantially in the form attached to the Motion as **Exhibit "E"** (the "Notice of Non-Voting Status – Deemed Rejecting Classes" and, collectively with the Notice of Non-Voting Status – Unimpaired Classes, the "Notices of Non-Voting Status"), which identifies the classes designated as being deemed to have rejected the Plan, informs the Equity Interest holder of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained via the Internet at http://cert.gardencitygroup.com/wei/fs/searcher, or a hard copy or CD-ROM upon request to Solicitation and Tabulation Agent at 312-499-6900, as therein provided; and it is further

ORDERED that the Notice of Non-Voting Status – Deemed Rejecting Classes satisfies the requirements of Bankruptcy Rule 3017(d) and, accordingly, copies of the Disclosure Statement and exhibits thereto, including the Plan, which is attached as Exhibit "A" to the Disclosure Statement, need not be mailed to any holder of an Equity Interest that has been deemed to have rejected the Plan unless such party makes a specific request for the same; and it is further

ORDERED that the following procedures (the "Tabulation Procedures") are hereby approved:

  a. Votes will be tabulated on a consolidated basis for the Voting Classes.

  b. Except as otherwise provided in this Order unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Proponents shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

  c. A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

  d. Any Ballot that is returned to the Solicitation and Tabulation Agent, but which is unsigned, or has a non-original signature, shall not be counted, unless otherwise ordered by the Court.

  e. Any Ballot that is illegible or contains insufficient information to permit identification of the claimant shall not be counted, unless otherwise ordered by the Court.

  f. All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with the Solicitation and Voting Procedures set forth in the this Order and/or as set forth on the Ballot (as may be applicable). Votes that are cast in any other manner shall not be counted, unless otherwise ordered by the Court.

  g. Any Ballot that is not executed by a duly authorized person shall not be counted. Any Ballot that is executed by the holder of a Claim but that does not indicate an acceptance or rejection of the Plan will not be counted.

  h. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of corporation, or other acting in a fiduciary or representative capacity on a claimant's behalf, such person should indicate such capacity when signing and, if required or requested by the Solicitation and Tabulation Agent, the Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such claimant.

  i. If multiple Ballots are received for a holder of Claims voting the same Claims, the last Ballot received, as determined by the Solicitation and Tabulation Agent from such holder prior to the

Voting Deadline shall be the Ballot that is counted, unless otherwise ordered by the Court.

j.  If multiple Ballots are received from different holders purporting to hold the same Claim, in the absence of contrary information establishing which claimant held such Claim as of the Record Date, the last Ballot received prior to the Voting Deadline shall be the Ballot that is counted, unless otherwise ordered by the Court.

k.  If multiple Ballots are received from a holder of a Claim and someone purporting to be his, her, or its attorney or agent, the Ballot received from the holder of the Claim will be the Ballot that is counted, and the vote of the purported attorney or agent shall not be counted, unless otherwise ordered by the Court.

l.  Except as otherwise provided herein or otherwise ordered by the Court, a Ballot that is completed, but on which the claimant did not indicate whether to accept or reject the Plan or that indicates both an acceptance and rejection of the Plan shall not be counted.

m.  Any Ballot that partially accepts and partially rejects the Plan shall not be counted, unless otherwise ordered by the Court.

n.  Neither the Proponents, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the voting report, nor will any of them incur any liability for failure to provide such notification, nor will the Debtors provide such notification without the prior written consent of the Agent.

o.  Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

p.  A holder of Claims shall be deemed to have voted the full amount of its Claim in the Voting Classes and shall not be entitled to split its vote within the Voting Classes.

q. The Solicitation and Tabulation Agent shall not tabulate a vote received by facsimile, telecopy transmission or electronic mail, unless otherwise ordered by the Court.

s.  No Ballot should be sent to any of the Proponents, their agents (other than the Solicitation and Tabulation Agent) or the Proponents' financial or legal advisors, and if so sent will not be counted.

t. The method of delivery of Ballots to be sent to the Solicitation and Tabulation Agent is at the election and risk of each creditor. Such delivery will be deemed made only when the original executed Ballot is actually received by the Solicitation and Tabulation Agent by the Voting Deadline.

u. For the purpose of voting on the Plan, the Solicitation and Tabulation Agent will be deemed to be in constructive receipt of any Ballot timely delivered to any address or designee that the Solicitation and Tabulation Agent designates for the receipt of Ballots cast on the Plan.

v. If an objection to a Claim is filed prior to the Record Date, such Claim shall be treated in accordance with the Disputed Claim Procedures.

w. No later than two (2) business day before the Confirmation Hearing, unless such other date is set by the Court, the Solicitation and Tabulation Agent will file with the Court a voting report, which will detail the tabulation of Ballots cast for or against the Plan. The voting report will also detail any defective, irregular or otherwise invalid Ballots that were waived by the Proponents or were not waived and therefore not counted by the Proponents.

x. The Agent (After Consultation with the Debtors) expressly reserves the right to amend from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification including but not limited to section 13.15 of the Plan). In the event of any modification, alteration or amendment on or before confirmation of the Plan, any votes to accept or reject the Plan shall be deemed to be votes to accept or reject the Plan as modified, unless the Court finds that the modification, alteration or amendment materially and adversely affects the rights of parties in interest which have cast said votes.

y. Holders of Claims who fail to vote are not counted as either accepting or rejecting a plan.

and it is further

ORDERED that any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that the superseding Ballot is

received by the Solicitation and Tabulation Agent on or before the Voting Deadline; and it is further

ORDERED that unless otherwise agreed to by the Proponents, entities desiring to change their votes after the Voting Deadline may do so only with approval of the Court for "cause" pursuant to Bankruptcy Rule 3018(a) by filing a motion with the Court on or before the Plan Objection Deadline so that it may be heard and considered at the Confirmation Hearing; and it is further

ORDERED that the Proponents shall provide to all creditors and equity holders as of the Record Date a copy, to be sent contemporaneously with the Solicitation Packages, of either (i) the Confirmation Hearing Notice, setting forth (a) the date of approval of the Disclosure Statement; (b) the Voting Deadline; (c) the Plan Objection Deadline; and (d) the time, date, and place for the Confirmation Hearing, or (ii) the applicable Notice of Non-Voting Status, setting forth (a) the date of approval of the Disclosure Statement; (b) the Plan Objection Deadline; and (c) the time, date, and place for the Confirmation Hearing; and it is further

ORDERED that the forms of notice of the Confirmation Hearing in substantially the forms attached to the Motion as Exhibit "C", "D" and "E" are hereby approved; and it is further

ORDERED that the provision of notice in accordance with the procedures set forth in this Order shall be deemed good and sufficient notice to all parties in interest of the Disclosure Statement Hearing, Confirmation Hearing, the Voting Deadline and the Confirmation Objection Deadline; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Dated: January 19, 2010
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE