IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**WHITE ENERGY, INC.,** *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11601 (CSS)<br><br>Jointly Administered<br><br>Hearing Date: February 8, 2010 at 1:30 p.m.<br><br>**Re: Docket No. 460** |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF COLUMBUS NOVA ETHANOL HOLDINGS LLC FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE CHAPTER 11 PLAN OF REORGANIZATION FOR WHITE ENERGY, INC. AND ITS AFFILIATED DEBTORS FILED BY COLUMBUS NOVA ETHANOL HOLDINGS LLC; (II) APPROVING FORM OF BALLOT AND PROPOSED SOLICITATION, VOTING AND TABULATION PROCEDURES FOR THE PLAN AND PLAN CONFIRMATION PROCESS; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE AND DISTRIBUTION THEREOF; AND (IV) SCHEDULING A HEARING ON PLAN CONFIRMATION

The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, submits this limited objection (the "Limited Objection") to the Motion of Columbus Nova Ethanol Holdings LLC ("Columbus Nova") for Entry of an Order (i) Approving the Disclosure Statement Relating to the Chapter 11 Plan of Reorganization for White Energy, Inc. and Its Affiliated Debtors Filed by Columbus Nova Ethanol Holdings LLC; (ii) Approving Form of Ballot and Proposed Solicitation, Voting and Tabulation Procedures for the Plan and Plan Confirmation Process; (iii) Approving the Solicitation Packages and Prescribing the Form and  Manner of Notice and Distribution Thereof; and (iv) Scheduling a Hearing on Plan

Confirmation [Docket No. 460] (the "Motion").[1] In support of this Limited Objection, the Committee respectfully states as follows:

## BACKGROUND

1. On May 7, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession. No trustee has been appointed in the Debtors' bankruptcy cases. The Court directed the appointment of a fee examiner by Order dated December 23, 2009 [Docket No. 448].

3. On May 27, 2009, the United States Trustee appointed the Committee pursuant to § 1102 of the Bankruptcy Code.

4. On December 15, 2009, the Debtors and WestLB AG, New York Branch, as administrative agent for the Debtors' secured lenders ("WestLB") (the Debtors and WestLB, collectively, the "Proponents"), filed a Chapter 11 Plan of Reorganization for White Energy, Inc. and its Affiliated Debtors (the "Proponents' Plan") [Docket No. 425].

5. Also on December 15, 2009, the Proponents filed a Disclosure Statement Relating to the Chapter 11 Plan of Reorganization for White Energy, Inc. and its Affiliated Debtors (the "Proponents' Disclosure Statement") [Docket No. 426].

6. On December 16, 2009, the Proponents filed the Motion of the Debtors and the Prepetition Agent for Entry of an Order (i) Approving the Disclosure Statement Relating to the Chapter 11 Plan of Reorganization for White Energy, Inc. and its Affiliated Debtors Filed by the Debtors and WestLB AG, New York Branch, as Administrative Agent; (ii) Approving Form of

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

Ballot and Proposed Solicitation, Voting and Tabulation Procedures for the Plan and Plan Confirmation Process; (iii) Approving the Solicitation Packages and Prescribing the Form and Manner of Notice and Distribution thereof; and (iv) Scheduling a Hearing on Plan Confirmation (the "Proponents' Approval Motion") [Docket No. 434].

7. Subsequently, the Proponents filed an Amended Plan and Amended Disclosure Statement [Docket Nos. 448 and 449].

8. On January 7, 2010, the Committee filed a limited objection to the Proponents' Approval Motion (the "Committee's Prior Limited Objection ") [Docket No. 476].

9. After a hearing held on January 15, 2010, the Court entered an Order on January 19, 2010 approving of the Proponents' Amended Disclosure Statement, approving of balloting, solicitation and tabulation procedures, and fixing a hearing on confirmation of the Proponents' Plan for March 4, 2010 [Docket No. 511].

10. On December 31, 2009, Columbus Nova filed its own Chapter 11 Plan and Disclosure Statement [Docket No.459], as well as the Motion seeking approval of the Columbus Nova Disclosure Statement and solicitation, voting and tabulation procedures [Docket No. 460].

## LIMITED OBJECTION

11. The Committee files this Limited Objection in connection with the Columbus Nova Disclosure Statement and the Motion. While Columbus Nova effectively copied the Proponents' Disclosure Statement and Plan, certain modifications must be made to Columbus Nova's Disclosure Statement in order to provide adequate disclosure within the meaning of § 1125 of the Bankruptcy Code. Specifically, the Committee requests that the following sections be modified:

    a. Section 10.12 of Columbus Nova's Disclosure Statement must add that the Bankruptcy Court approved of the Proponents' Amended Disclosure Statement by Order dated

January 19, 2010, has scheduled a hearing to consider confirmation of the Proponents' Amended Plan for March 4, 2010, and that the Committee supports confirmation of the Proponents' Amended Plan.

        b.        Section 11.6 of the Columbus Nova Disclosure Statement needs to state which creditor has a senior security interest and lien on the Reorganized Debtors' assets post-confirmation: Fagen or the Prepetition Lenders.

        12.        The Committee is also concerned about whether Columbus Nova's Plan is feasible and if it could conceivably be confirmed by the Court given that WestLB and the Lenders have stated their opposition to Columbus Nova's Plan. Thus, the Committee requests that the Court require Columbus Nova, at the hearing on its Motion seeking approval of the adequacy of its Disclosure Statement, to demonstrate a prima facie case that its Plan is confirmable. The Committee is concerned about use of the estates' assets to engage in a second solicitation process where the Columbus Nova Plan may have no reasonable prospect of confirmation and, therefore, spending the estates' assets to approve and solicit votes on an unconfirmable Plan would be a waste of the estates' assets. This is grounds for denial of approval of the adequacy of Columbus Nova's Disclosure Statement. See, In re Route 37 Business Park Associates, 987 F. 2d 154 (3rd. Cir. 1993). See also, In re Quigley Co., Inc., 377 B.R. 110, 115-116 (Bankr. S.D.N.Y. 2007) ("If the plan is patently unconfirmable on its face, the application to approve the disclosure statement must be denied, as solicitation of the vote would be futile."); In re Phoenix Petroleum Co., 278 B.R. 385, 394 (Bankr. E.D. Pa. 2001) ("[T]he disclosure statement should be disapproved at the threshold only where the plan it describes displays fatal facial deficiencies or the stark absence of good faith.") (citations omitted).

13. The balloting, solicitation and tabulation procedures outlined in the Motion (the "CN Proposed Procedures") for all intents and purposes mirror the balloting, solicitation and tabulation procedures outlined in the Proponents' Approval Motion (the "Proposed Procedures"). In the Committee's Prior Limited Objection to the Proponents' Approval Motion, the Committee objected to, among other things, the Proposed Procedure that provided that if no creditors in a particular Voting Class (as defined in the Proponent's Approval Motion) voted to accept or reject the Proponents' Plan, such Voting Class would be deemed to have accepted the Proponents' Plan (the "Deemed Acceptance Provision"). For the same reasons put forth in the Committee's Prior Limited Objection, the Committee respectfully suggests that the Bankruptcy Court modify the CN Proposed Procedures outlined in the Motion to strike those portions of the CN Proposed Procedures that are analogous to the Deemed Acceptance Provision contained in the Proponents' Approval Motion.

14. At the hearing held on January 15, 2010 and in the Committee's Prior Limited Objection, the Committee raised certain issues concerning the proposed order submitted by the Proponents in connection with the Proponents' Approval Motion (the "Proponents' Proposed Approval Order"). The proposed order submitted by Columbus Nova in connection with the Motion (the "Columbus Nova Proposed Order") tracks in all material respects the Proponents' Proposed Approval Order. As a result, should the Bankruptcy Court enter an order approving the Motion, that order should modify the Columbus Nova Proposed Order to the same extent the Proponents' Proposed Approval Order was modified. Specifically, the Committee requests that the Columbus Nova Proposed Order be modified as set forth on Exhibit A hereto.

15. In the event the Court grants Columbus Nova's Motion and approves of the adequacy of its Disclosure Statement, the Committee reserves all of its rights in connection with confirmation of Columbus Nova's proposed Plan.

**WHEREFORE**, the Committee respectfully requests that the Court (i) require Columbus Nova to make the modifications to its Disclosure Statement as set forth herein; (ii) require Columbus Nova to demonstrate that it has a prima facie case that its Plan is feasible; (iii) require Columbus Nova to make the modifications to the CN Proposed Procedures, including deletion of the Deemed Acceptance Provision, set forth herein and (iv) grant the Committee such other and further relief as is just and equitable.

Dated: February 2, 2010
Wilmington, Delaware

**POLSINELLI SHUGHART PC**

By: _____
Christopher A. Ward (Bar No. 3877)
Justin K. Edelson (Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0922 (Telephone)
(302) 252-0921 (Facsimile)

-and-

**LOWENSTEIN SANDLER PC**
Bruce Buechler, Esq.
Bruce Nathan, Esq.
Joseph A. Becht, Jr., Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Official Committee
of Unsecured Creditors*