UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| WHITE ENERGY, INC., *et al.*, | : | Case Number 09-11601 (CSS) |
| Debtors. | : | (Jointly Administered) (Hearing 3/4/10 @ 11:00 a.m.; Objection deadline extended for the U.S. Trustee to 2/26/10) |
| _____ | | |

## OBJECTION OF THE UNITED STATES TRUSTEE TO AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR WHITE ENERGY, INC. AND ITS AFFILIATED DEBTORS FILED BY THE DEBTORS AND WESTLB AG, NEW YORK BRANCH, AS ADMINISTRATIVE AGENT

In support of her objection to the Amended Chapter 11 Plan of Reorganization filed by the Debtors and WestLB AG (the "Plan"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), through her counsel, states:

### INTRODUCTION

1.  Under (`i) 28 U.S.C. § 1334, (ii) an orders of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion to Shorten Notice and this objection.

1

2. Under 28 U.S.C. § 586(a), the U.S. Trustee is charged with monitoring chapter 11 plans and filing comments or objections that she deems to be appropriate. This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion to Shorten and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**

4. The Court should deny confirmation of the Plan under Section 1129(a), because: (i) the Plan violates Section 1123(a)(4) insofar as general unsecured creditors in Class 5 are treated differently depending on how they vote; (ii) the Plan violates Section 1126 insofar as the means of determining acceptance by Class 5 creditors violates that statute; (iii) if Class 5 is determined not to have accepted the Plan, then the cram-down provisions of 1129(b) must be satisfied; and (iv) the Plan contains improper third party releases.

5. Section 1123(a)(4) provides:

Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall–

. . .

(4) provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest; . . . .

5. The Plan provides in Section 4.6.1:

Each holder of an Allowed General Unsecured Claim that votes to accept the Plan or does not vote with respect to the Plan shall receive its Pro Rata share of the General Unsecured Claim Distribution Amount. Each holder of an Allowed General Unsecured Claim that votes against the Plan shall receive no Plan Distribution of any kind or nature on account of its Allowed General Unsecured Claim.

6. Section 4.6.1 of the Plan violates Bankruptcy Code Section 1123(a)(4), because the Plan treats the creditors in the class differently based on how they vote. Voting against a Plan can hardly be considered agreement to less favorable treatment.

7. Section 4.6.1 thus violates the "fundamental bankruptcy policy of 'equality of distribution among creditors.'" *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 241, 248 (3d Cir. 2004) (vacating confirmation and remanding for further proceedings based on apparent disparate treatment of creditors within a class).

8. The Plan also violates Section 1126. That statute provides in relevant part:

(a) The holder of a claim or interest allowed under section 502 of this title may accept or reject a plan . . .

. . .

( c) A class of claims has accepted a plan if such plan has been accepted by

3

creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

(d) A class of interests has accepted a plan if such plan has been accepted by holders of such interests, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount of the allowed interests of such class held by holders of such interests, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

(e) On request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title.

(f) Notwithstanding any other provision of this section, a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required.

(g) Notwithstanding any other provision of this section, a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests.

9. Creditors in Class 5 have not, in fact, been provided with a real opportunity to

reject the plan.  Any rejection right they have is illusory.  Moreover, the "deemed acceptance" by a non-voting class is contrary to Section 1126, as the statute precisely states the situations where there is acceptance by the class (deemed acceptance or otherwise).  The absence of any votes by members of a class fails to satisfy the statutory requirements for either "acceptance" and "deemed acceptance."

10.  For the foregoing reasons, the Court should reject any purported acceptance by Class 5, designate any accepting votes to be non-compliant with the law, and determine that the Plan thus fails to satisfy Section 1129(a)(8) with respect to the unsecured creditor class.

11.  The Plan also contains third party releases.  *See* Section 1.1.100 (defining "Released Actions"); Section 1.1.101 (defining "Released Parties"); Section 6.14.2 and 5.14.3 (releases and related injunctions).  These releases and related injunctions exceed those set forth in Section 524(a) and exceed the scope of permissible releases described in Section 524(e).  Except to the extent that the releasors take affirmative action to accept the third party releases, such releases should be denied. *See generally In re Zenith Electronics Corp.*, 241 B.R. 92, 111 (Bankr. D. Del. 1999) (need "affirmative agreement of the creditor affected").  Also, this case does not appear to present extraordinary circumstances that might support third party releases.  *Cf Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203, 211-214 (3d Cir. 2000) (denying non-consensual releases of third parties and suggesting that, even if non-consensual releases were not per se impermissible in chapter 11 plans, those courts that have been willing to approve such

releases have found them necessary in extraordinary or unusual cases, e.g. certain mass tort contexts).

## CONCLUSION

WHEREFORE, the U.S. Trustee requests that this Court enter an order sustaining her objection and denying confirmation.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**ACTING UNITED STATES TRUSTEE**

BY: /s/ T. Patrick Tinker
T. Patrick Tinker, Esquire (Fl. Bar No.64874 )
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)

Date: Febr. 26, 2010