IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WHITE ENERGY, INC., *et al.*,<br><br>Debtors.[1] | Case No. 09-11601 (CSS)<br><br>Chapter 11<br>Jointly Administered<br><br>Re: D.I. 488<br>Hearing: March 4, 2010 at 11:00 a.m. |

### RESERVATION OF RIGHTS OF FAGEN, INC. IN RELATION TO THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR WHITE ENERGY, INC. AND ITS AFFILIATED DEBTORS FILED BY THE DEBTORS AND WESTLB AG, NEW YORK BRANCH, AS ADMINISTRATIVE AGENT

Fagen, Inc. ("Fagen"), by and through its undersigned counsel, hereby submits this reservation of rights in relation to the Amended Chapter 11 Plan of Reorganization for White Energy, Inc. and its Affiliated Debtors filed by the Debtors and WestLB AG, New York Branch, as Administrative Agent (the "Plan"), and respectfully states as follows:

1. WE Hereford, LLC ("WE Hereford") and Plainview Bioenergy, LLC ("Plainview"), each a co-debtor in the above-captioned case, individually commenced an adversary proceeding against Fagen by separately filing a complaint on December 28, 2009 (collectively, the "Complaints"), respectively captioned as Adv. Proc. No. 09-53283 and Adv. Proc. No. 09-53284 (collectively, the "Adversary Proceedings").

2. Pursuant to a contract between Fagen and WE Hereford and a separate contract between Fagen and Plainview, Fagen agreed to provide various services to WE Hereford and Plainview (the "Design-Build Contracts"). The Design-Build Contracts are the agreements at issue in the Adversary Proceedings.

---

[1] The Debtors in these cases are: White Energy, Inc.; White Energy Holding Company, LLC; US Energy Partners, LLC; WE Hereford, LLC; and Plainview BioEnergy, LLC.

3. Pursuant to the Design-Build Contracts, the parties explicitly agreed that any claims, disputes or controversies between the parties arising out of or relating to the Design-Build Contracts, or the breach thereof, shall be decided by arbitration to be conducted in Minneapolis, Minnesota in accordance with the Construction Industry Arbitration Rules and Mediation Procedures of the AAA then in effect. The Design-Build Contracts, sec. 19.2 Arbitration.

4. On January 19, 2010, this Court approved the parties' stipulation permitting WestLB AG, New York Branch ("WestLB", and collectively with WE Hereford, Plainview, and Fagen, the "Parties"), to intervene in the Adversary Proceedings on behalf of the Secured Parties (as defined in ¶ 12 of the Complaints). WestLB also agreed "to be bound, to the same extent as the Debtor, by the dispute resolution provisions contained in the Contract, if and to the extent those provisions of the Contract are enforceable in this bankruptcy case." Stipulation ¶ 2. (the Adversary Proceedings, Dkt. No. 4).

5. Consistent with Fagen's position that it has asserted from the inception of this case, on February 28, 2010, Fagen filed a motion to compel arbitration and to dismiss or stay litigation (and brief in support thereof) (the "Motions") in each of the Adversary Proceedings to enforce the Parties' agreement to decide any and all disputes by arbitration, in accordance with the terms of the Design-Build Contracts (the Adversary Proceedings, Dkt. Nos. 9, 10). To the extent necessary, Fagen requests that the Court take judicial notice of those pleadings.

6. Although Fagen formally set forth its position in the Motions, the plan proponents have known Fagen's position with respect to the alternative dispute resolution from the outset.

7. The amended plan of reorganization (the "Plan") contains a provision, at Article XII, (vii), that could be interpreted as a proposal by the plan proponents that this Court should

have exclusive jurisdiction over all matters arising under or relating to the chapter 11 case, including jurisdiction over the dispute that the Parties have agreed to submit to arbitration.

8. Fagen does not believe, given the Parties' agreement as memorialized in the Stipulation, that this clause in the Plan applies to the arbitration provisions contained in the Design-Build Contracts. However, out of an abundance of caution, Fagen objects to this provision to the extent the plan proponents are attempting to obtain a ruling on the issue of the arbitration provision contained in the Design-Build Contracts through the terms of the Plan. The issue of the applicability of the arbitration provision in the Design-Build Contracts will be decided in the context of the Adversary Proceedings and if the Court determines that the Parties are required to arbitrate their dispute as written in the contract, that arbitration should proceed as agreed by the parties (*i.e.*, in Minneapolis, Minnesota in accordance with the Construction Industry Arbitration Rules and Mediation Procedures of the AAA then in effect).

WHEREFORE, Fagen respectfully reserves its rights with respect to the Court's jurisdiction over the Parties' dispute and the issues raised in the Adversary Proceedings.

| | |
|---|---|
| March 2, 2010<br>Wilmington, Delaware | **SMITH, KATZENSTEIN & FURLOW LLP**<br>/s/ Michael P. Migliore<br>Kathleen M. Miller (Del. Bar #2898)<br>Michael P. Migliore (Del. Bar #4331)<br>800 Delaware Avenue, 10th Floor<br>P.O. Box 410<br>Wilmington, DE 19899 (19801 courier)<br>Telephone: (302) 652-8400<br>Fax: (302) 652-8405<br><br>S. Steven Prince<br>**LEONARD, STREET AND DEINARD**<br>*Professional Association*<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN 55402<br>Telephone: (612) 335-1500<br>Facsimile: (612) 335-1657<br><br>**ATTORNEYS FOR FAGEN, INC.** |